BARNARD et al. v. ADAMS et al.

(Circuit Court, N. D. Iowa, Central Division. September 16, 1893.)

No. 136.

1. CHARITABLE TRUSTS—CY-PRES—REVERTER.

An individual vested a fund in the trustees of a church, in trust to appropriate one-half the income to the support of the church, and the other half to a designated college, for the purpose of educating poor young men desiring to enter the ministry, without regard to denomination; the church trustees to select the beneficiaries. After said fund had vested, the college, through lack of money, entirely suspended the exercise of its functions. *Held*, that this did not cause a reverter of one-half the fund to the grantor's heirs, or authorize the appropriation of the income thereof to the support of the church, but that equity would cause it to be applied through another college, to effectuate, in the same manner, the original purpose, and, in case the original college resumed the exercise of its functions, would then require the trust to be executed through it.

2. SAME—EQUITY—COSTS.

Where the question of the disposition of a charitable trust fund, which has become inactive through unforeseen circumstances, is raised by the suit of the grantor's heirs to recover the fund, or, in the alternative, to have it applied in an analogous manner, and the trustees, while asking a different application, do not unduly resist this alternative prayer, the court, on making such disposition, under the doctrine of cy-pres, will charge the costs, including a reasonable attorney's fee to each party, against the fund.

In Equity. Suit by Martha J. Barnard and others against Frank F. Adams and others to recover a trust fund, or to enforce its application to the purposes of the trust.

G. S. Kloch and M. C. Matthews, for complainants.
P. Finch and R. M. Wright, for respondent trustees.
J. N. Prouty and D. F. Coyle, for respondent college.

WOOLSON, District Judge. Upon July 16, 1877, David White and wife, as party of the first part, of the state of New York, duly executed an instrument of conveyance, wherein they conveyed, as-

signed, and transferred unto certain persons therein named, trustees of the First Congregational Church and Society of Humboldt, Iowa, and their successors in office, as party of the second part, certain real estate situated in the state of Iowa, also real-estate mortgages and notes thereby secured, and also a certain judgment recorded in the United States circuit court for the district of Iowa—

"To have and to hold the same, unto the said party of the second part, their successors in office, or substitutes appointed as hereinafter specified, and assigns, forever; in trust, nevertheless, for the purpose of creating out of or with the proceeds of said sale, or other disposal of said property, a trust fund to be called and known as the 'David White Fund,' and to be securely and profitably loaned at, or invested at, annual interest, or semiannual, by the party of the second part, their successors in office, or substitutes appointed as hereinafter specified, who shall be responsible for both principal and interest, and shall collect and receive such interest accruing on said fund, and annually pay one-half thereof to the said Congregational Church and Society, for its support, and the other one-half thereof to Humboldt College, located at Humboldt, Iowa, for the purpose, primarily, of affording of said college educational facilities to poor, worthy young men, who desire to go into the gospel ministry, without regard to Christian denomination. And said trustees shall have the right to annually designate who shall be the beneficiaries of said fund, by issuing to such persons as they may select, or deem worthy to receive the same, untransferable yearly scholarships in said college, equaling in amount, at the regular rates of tuition, the amounts of said fund paid in for that year; and, in case said fund is not exhausted in the manner above specified, said trustees may issue scholarships, as aforesaid, to any other persons they may select thereof. Should said trustees fail to so designate the beneficiaries of said fund, or any part thereof, for any year, as aforesaid, the right to make such designation shall devolve upon, and be exercised by, the executive committee of the board of trustees of said Humboldt College for the time or amount unappropriated by said trustees. [Then follow directions to convert the property into money, and that trustees shall serve without compensation out of the fund.] And to the end that said trust shall not fail for want of trustee, and that the purposes thereof may, in any event, be fully and completely effectuated and carried out, said party of the second part shall annually report their doings herein to the district court of Humboldt county. [Here follows provision authorizing said court to appoint trustees, when necessary, and that, until trustees do accept, J. N. Prouty shall act as trustee.]"

This conveyance bears the written acceptance of the trustees of said church, as provided for in the deed of trust.

The said First Congregational Church and Humboldt College, named in this deed, had been incorporated under the laws of the state of Iowa. (Formerly, the town of Humboldt was called Springvale.) Such proceedings were duly taken by the party of the second part with reference to the property named in the deed, and in accordance therewith, as that the same was reduced to money, and amounted, in the hands of the trustees, (principal of fund,) to the sum of $4,800. This sum became the David White fund. It appears from the evidence—and the briefs of counsel on either side state the fact with words of hearty commendation—that this fund has been guarded and attended to with prudent care, so that the same has been annually productive. As directed in the deed, the trustees have annually reported the condition of this fund, and these reports from the year 1888 to 1892 are in evidence.

From the evidence and admissions in the pleadings herein, it ap-

pears that, since the year 1880, Humboldt College has had no active existence as a college. The school buildings and ground are owned by that incorporation, and for some years since 1880, a private school has been held in the school building. There has been no election of officers of the college incorporation, nor, indeed, any formal meeting of the board of trustees, since 1880. The president of such board testifies that he has, since 1880, signed some papers officially, as such president. But, apparently, no corporate act has been performed on the part of the institution, in the line of the purposes for which it was incorporated, since 1880, and the college has not been receiving or educating pupils since 1880. The evidence shows that the trustees have regarded and treated the fund as an entirety, and kept its accounts as such. The net income, however, has annually been divided by the trustees into two equal parts,—the one part whereof has annually been paid to the church, while the other half has been retained by the trustees, and each year thereafter the half of the net income for that year has been added thereto. This half, which, had Humboldt College been in active existence, would have been expended in educating persons for the gospel ministry, amounted, upon November 19, 1892, to $2,153.98, according to the report of that date.

Complainants' bill alleges that Humboldt College is no longer in existence; that by nonuser it has "voluntarily surrendered its charter, and its rights and franchises acquired thereunder, and that since 1880 said college has had no existence whatever, and the same is wholly extinct, and that there is no institution in existence, under the aforesaid name, designation, and title, which has for its object and purpose the education of the young in literature and science." And complainants, who are the sole heirs of said David White, (said David White and his wife being both dead,) claim that said trust, as to said Humboldt College, has failed, and that they are therefore entitled to said fund, i. e. that part which was conveyed in trust for Humboldt College,—an amount equal to one-half of the principal fund, and all the said net income therefrom, which is now in the hands of said trustees, by their report shown,—and they pray decree accordingly. But they present an alternative prayer, to wit, that in case the court shall determine said complainants are not entitled to said fund as prayed, then this court shall "designate and appoint a beneficiary or beneficiaries, so that the said trust fund shall become active," etc. The trustees of said church file a cross bill, wherein, among other matters, they allege said Humboldt College has ceased to exist, so far as relates to the purpose to whose attainment said trust was created,—the facts constituting such nonexistence being alleged, substantially, as in complainants' bill; that no other college or institution has succeeded to said trust; that "it was the intention, purpose, meaning, and design of said White and wife, at the time of executing the said deed of trust, that, on failure and neglect of said Humboldt College to keep up its organization, the trustees and their successors in office, of the said Congregational Church, should designate the institution at which the beneficiaries of the one-half of said fund should be educated." And having

averred their willingness, at all times, to carry out said trust, and their inability to so carry out the same, as to said half of income of said fund, (other than the half devoted to the church,) because of the alleged nonexistence or noncontinuance of said college, they ask the aid of this court, and averring that "under the order and direction of this court, and to carry out the intent and purpose evidenced by said trust deed, your orators, and their successors in office, ought to be permitted either to pay over annually to the said church the proceeds and accumulated interest on the one-half of said trust fund, which was designated in said trust deed for the benefit of Humboldt College, or else they ought to be permitted to select poor, worthy young men, desiring to enter the gospel ministry, without regard to Christian denomination, as the beneficiaries of said fund, and to designate the college where such young men should be educated," etc., and having selected Iowa College, at Grinnell, Iowa, as such college, they pray accordingly.

The respondent Humboldt College has filed its answer by J. N. Prouty, who states he is secretary thereof, among other averments, admitting that since 1881 "it has not maintained a school for the education of young men and women in literature and science," but denying that its charter rights and franchises have been forfeited by nonuser or nonholding of such school; denying that since 1880 the college has had no existence, but avers the fact to be that it is still in existence; and thereupon said answer proceeds to name the president and secretary and trustees. The college also avers that it has been prevented and kept from maintaining and keeping such school by the want and absence of money and funds for that purpose, but states that it still holds its "charter and rights and franchises, and still owns and possesses valuable school property, to wit, library, charts, maps, and school apparatus, and it has never received any portion of the income arising from the aforesaid trust fund for the reason that no person has ever applied to be the beneficiary of the aforesaid fund, and no persons have ever been designated by the aforesaid trustees, or any other persons, as the beneficiaries of the aforesaid fund, and that this defendant, and the executive committee of its board of trustees, have not designated the beneficiaries for the reason that said fund was not converted into money, and made available therefor, until since the year 1881, and prior to 1881 there was no income received from said fund by said trustees." And the college, while, in its pleading, first praying decree declaring it to be entitled to full and complete possession of that part of the trust fund which was by said trust deed intended to be used towards education in said college, presents, as an alternative prayer, that if the court find that, by reason of failure to apply said fund, in accordance with said trust deed, to said college, the purpose of said trust fund has not been carried out, and has failed, "that this court inquire whether it was not the purpose and intention of said White and wife that the income arising from said fund should be applied to some other purpose, similar thereto, and connected with the education of young men and women at the school of this defendant," and asks decree accordingly.

I shall not attempt to state the evidence on which I determine the few contested facts involved herein, nor shall I attempt elaboration of the conclusions to which I have arrived, nor make any large or extended citations from, or reference to, the authorities which, I understand, govern the decision reached. The pleadings are exceedingly voluminous. I have above given an abstract of so much as seemed necessary to present the points with reference to which the decision herein is reached. The pleadings agree that when this trust deed became effective,—by acceptance of trust and possession of trust property by the trustees,—Humboldt College was in active operation. Had this trust property, at that time, been yielding a net income, the college would have been entitled to have then received, each year, its moiety of the net income. As this trust falls within the generally accepted definition of a "legal charity" the trust then vested. So far as that half of the income is concerned, which, by the trust, is for the use of, and is to be annually paid to, the church named in the trust deed, all parties hereto recognize, in the pleadings, the trust as effective, and such half has annually been paid to said church. The controversy herein relates solely to the remaining half of the income and proportionate interest in the trust fund, which, under the terms of the trust deed, was to be paid to Humboldt College.

Upon the whole case, I conclude that the intention and purpose of the donor, in creating this trust, as evidenced by the trust deed, was, using the phraseology of that instrument, "primarily, of affording educational facilities to poor, worthy young men, who desire to go into the gospel ministry, without regard to Christian denomination." True, the instrument uses the phrase, "affording of said college educational facilities," etc. But, taking the entire scope of the instrument, I am satisfied that the application of said fund to education in said college was of secondary importance, in the mind of the donor, and that it was not his purpose or intention that, in case of the nonexistence of said college, said fund should cease to be operative in what I find to be its primary object. All the parties to this action have joined in the request that the court shall enter such decree herein as shall determine the disposition of such fund. A concise statement of my view of the general principles governing this case is given in City of Philadelphia v. Girard's Heirs, 45 Pa. St. 9:

"The rule of equity seems clear, that, when a definite charity is created, the failure of the particular mode in which it is to be effectuated does not destroy the charity, for equity will substitute another mode, so that the substantial intention shall not depend on the sufficiency of the formal intention. It is accordingly well settled, by decisions of the highest authority, that when a gift is made to trustees for a charitable purpose, the general nature of which is pointed out, and which is lawful and valid at the time of the death of the testator, and no intention is expressed to limit to a particular institution or mode of application, and afterwards, either, by a change of circumstances, the scheme of the testator becomes impracticable, or, by change of law, becomes illegal, the fund, having once vested in the charity, does not go to the heirs at law, as a resulting trust, but is to be applied by the court of chancery, in the exercise of its jurisdiction in equity, as near the testator's particular direction as possible, to carry out his general charitable intent."

"It is now a settled rule in equity that a liberal construction is to be given to charitable donations, with a view to promote and accomplish the general charitable intent of the donor, and that this intent ought to be observed; and, when this cannot be literally and strictly done, this court will cause it to be fulfilled as nearly in conformity with the intent of the donor as practicable. When the property thus given is given to trustees capable of taking, but the property cannot be applied precisely in the mode directed, the court of chancery interferes, and regulates the disposition of such property, under its general jurisdiction of the subject of trusts. What is the nearest method of carrying into effect the general intention of the donor must, of course, depend upon the subject-matter, the expressed intent, and the other circumstances of each particular case, upon all which the court is to exercise its discretion. American Academy v. Harvard College, 12 Gray, 582."

I conclude:

1. The prayer of complainants for decree awarding to them said portion of the trust fund, which, by the terms of the trust deed, is to be paid to Humboldt College, must be denied.

2. The prayer of respondent trustees of said Congregational Church, for decree awarding to them, for use and benefit of said church, said Humboldt College portion of said fund, must be denied.

3. The donor intended this trust fund should be active. The failure of Humboldt College to maintain an institution of learning, wherein the primary purpose of said trust fund could be carried out, prevents said fund from being operative through said college. As the corporate term of said college, as fixed by its articles of incorporation, seems not to have expired, I am unable to say that said trust fund may not yet become operative through said college. The corporate character of said institution still exists. Its board of corporate managers may be called together, and, in the property now owned by said college, it is possible said board may yet renew and maintain such an institution of learning as the donor contemplated when he created said trust fund. I may not, therefore, declare that said fund shall be permanently turned away from said college. But the trustees of said church, whom the donor selected as the custodians of such fund, have requested the fund may be decreed and made active by empowering them to act towards the Iowa College, at Grinnell, Iowa, as in said trust deed they are empowered to act toward Humboldt College. I find it just and equitable that such prayer should be granted, subject, however, to this proviso: That if, at any time, said Humboldt College resume an active existence, and, within the meaning of said trust deed, shall become capable of carrying out the provision of said trust, that application may then be made to this court for decree authorizing and directing said trustees to expend said trust fund towards and for said Humboldt College; and, so far as may be necessary for that purpose, this court will retain jurisdiction of this cause. In the mean time, said trustees will expend said trust fund towards said Iowa College in same manner as though that college had been named in said trust deed in lieu of said Humboldt College.

I may here note that in some of the reports, as made to the district court of Humboldt county, and in evidence herein, I observe that the money set apart for Humboldt College has been charged with expenditures which are, apparently, not chargeable against

that portion of that fund.    This error should not be, hereafter, repeated.    The trust deed seeks to hold the trustees responsible for any diversion of the fund.    This portion of the fund must not be chargeable with any expenses which are properly chargeable against the half provided for said church, and it should not be charged with more than its proportionate share of those expenses which are chargeable against the entire fund.

4. I find against the prayer of Humboldt College for decree directing payment to J. N. Prouty for labor and services, and for money expended in matters of tax sales, etc.    The evidence shows that such services and payments were intended by him to be a gift to said college.    His act and intent in the matter are highly commendable, but I find no basis for making such payments a charge against the trust fund.

5. Complainants, as heirs of said donors, were justified in bringing this action, and thus making this trust fund operative.    The evidence does not satisfy me that the trustees of this fund have discharged their whole duty with reference to the trust committed to them.    The fund has apparently been well invested, and made remunerative.    But the trustees, in the more than 10 years since Humboldt College ceased its active existence, should have applied for directions as to the use to be made of this fund.    Nevertheless, I do not find this a case requiring or justifying the imposing on them of the costs herein.    They have not improperly resisted herein, and they have, since action brought, apparently been sincerely desirous of obtaining and obeying the decree to be rendered herein.    I find, therefore, that the reasonable expenses of this action should be paid out of this fund, which their reports show has been retained in the trustees' hands, and which I find, to wit, the income, was, on November 19, 1892, $2,153.98; that is that a reasonable solicitor's fee to solicitors for complainants as also to solicitors for respondent trustees of said church, and the costs and fees properly taxable in this case, should be paid out of said trust fund.

Let decree be drawn in accordance with these findings.    If the solicitors' fees above named can be mutually agreed upon, the amounts so agreed may be submitted with the draught of decree for consideration of this court; and, in connection therewith, the clerk of this court will submit statement of all other costs and fees taxable herein, so that the court may be fully advised with reference to the amounts which will, under these findings, be chargeable against said trust fund as expenses of this action.