McNULTY, Judge.
Appellant filed a petition for the construction of the will of Simeon E. Cohn, deceased, with respect to provisions of a trust *415 established in paragraph FOURTH of said will. The trial judge granted appellee’s motion to dismiss and, appellant having declined to amend, entered final judgment in favor of appellee. We affirm.
Simeon E. Cohn died in July, 1967. Paragraph FOURTH of his will set up a trust of which the appellee was named trustee, and into which the testator bequeathed the residue of his estate. Appellant, as successor to the New York Guild for the Jewish Blind, is the first-named beneficiary of the entire trust, the provisions of which require that such beneficiary accept the bequest within ninety days from testator’s death and, thereafter, within five years from said date use the trust estate “for the purpose of acquiring or constructing a separate building which will provide proper facilities for the education and recreation of blind children” to be dedicated in memory of the testator’s wife.
The FOURTH paragraph of the will further provides that if the first-named beneficiary does not accept the bequest, or having accepted it, does not use it “as hereinabove provided”, then the “trust shall terminate” and the principal of said trust estate shall be paid to Montefiore Hospital For Chronic Diseases in the City of New York for the purpose of establishing an orthopedic ward for children in memory of the testator’s wife. (Italics supplied).
It is undisputed that appellant has timely filed its “notice of acceptance of bequest”. But in its petition for construction of the will appellant alleges that the trust assets presently amount to approximately $102,-000.00; and that such amount is insufficient for the .acquisition or construction of a “separate” building in New York City which would provide “proper facilities” for the purposes designated in the trust. It is further alleged in the petition however, that appellant is presently in the process of constructing a building in New York to be known as the New City Center For The Jewish Guild For The Blind; and appellant proposes, and believes it to be in accord with the intent of the testator, to use the trust assets for the installation of facilities on the third floor of the new building to carry out the testator’s wishes regarding aid to blind children. The petition then prays that the trial court enter a judgment construing paragraph FOURTH of the will as expressing a general charitable intent to establish “proper facilities for the education and recreation of blind children”; that the court find appellant’s proposal to be a proper alternate use of the trust funds sufficient to accomplish such charitable purpose; and that the court direct distribution of the funds accordingly.
Montefiore Hospital For Chronic Diseases in the City of New York, the contingent beneficiary, executed and caused to be filed its “Answer and Waiver of Service of Citation” in which it “agrees and consents” to the proposed use of the trust funds set forth by appellant in its petition. The Answer and Waiver also states it to be the “belief” of Montefiore Hospital that appellant’s proposal fully complies with the terms of the trust with respect to providing proper facilities for the education and recreation of blind children.
Simply stated, the precise question here is whether the cy pres doctrine is applicable to the facts in this case. At the outset it is apparent that the dominant intention of the testator was to create a charitable trust to aid afflicted children itn memory of his wife. His first choice in providing such aid was to create a fund for the acquisition or construction of a separate building for the education and recreation of blind children. Considering the allegations of the petition as true, which we must do in the present posture of the case, the first choice of the testator is impossible. But he anticipated the eventuality that his first choice would not be complied with; and he expressly provided for an alternative use of the trust funds, that is, to establish an orthopedic ward for children in a specific hospital. Under either alternative the dominant intention of the testator can be fulfilled.
*416 In such case the cy pres doctrine is inapplicable. The very purpose of the doctrine is this: where a testator in his will evidences a general intention to be executed in a prescribed manner, and such intention cannot be executed in accordance with the terms of the will, the doctrine will permit a court of equity to execute the intention with as close proximity to the terms of the will as is reasonably possible.[1] When an alternative is provided for by the testator himself however, there is no need to apply the doctrine at all; and the general rule is that it will not be applied.[2]
. [2] It is important to note at this point, that the “Answer and Waiver” filed by Montefiore Hospital does not reject any benefits or bequest which may accrue to it under the trust provisions. It merely consents to the proposal of appellant. So we do not decide whether the cy pres doctrine would be applicable in the event that the trust fails because of a subsequent rejection by the hospital.[3] We only hold that when the dominant intention of the settlor of a trust can be substantially complied with by the alternatives expressly set forth in the trust, the cy pres doctrine is not necessary to aid in the execution of the trust and is therefore inapplicable. Entry of summary judgment upon an order dismissing appellant’s petition, in the present posture of the case, was therefore proper.
This does not mean to say, however, that appellant is barred from accepting its benefits under the trust if within the five year period provided for therein, the terms of the trust can be expressly complied with; nor does it mean that if Monte-fiore Hospital rejects its benefits appellant cannot thereafter, within the five years, urgé application of the cy pres doctrine. All it means is that as of now, application of the cy pres is inappropriate.
The judgment appealed from is, accordingly,
Affirmed.
PIERCE, A. C. J., concurs.
MANN, J., dissents.

. See, Sheldon v. Powell (1930), 99 Fla. 782, 128 So. 258; and 14 C.J.S. Charities § 52, et seq.

. 169 A.L.R. 266, Anno. III(c) at p. 276.

.In such event the doctrine may well apply See, e. g., 14 C.J.S. Charities § 52 (c), n. 63.