**In the Matter of the TRUST OF Albert ROTHROCK, Deceased.**

**Appeal of Edna J. FISHER and Elva V. Day.**

No. 88–886.

Supreme Court of Iowa.

March 21, 1990.

Rehearing Denied April 18, 1990.

Edna J. Fisher, Cedar Rapids, and Elva V. Day, Webster City, pro se.

Gary J. Groves, Webster City, for appellee First Congregational Church, United Church of Christ of Webster City, Iowa.

Whitley M. Hemingway of Hemingway & Myers, Webster City, for trustee Farmers Nat. Bank.

Considered by HARRIS, P.J., and SCHULTZ, LAVORATO, SNELL, and ANDREASEN, JJ.

SCHULTZ, Justice.

This appeal results from the various orders of the district court concerning the testamentary trust of Albert Rothrock. Farmers National Bank of Webster City, Iowa, was appointed trustee in 1982 and filed annual reports with the court. Edna J. Fisher and Elva V. Day, cousins of the deceased, appeal from a final order distributing the trust assets.

Albert Rothrock's will was executed on August 27, 1971. In the first part of his will Mr. Rothrock made bequests of $1,000

to his sister-in-law, $500 to his wife's niece, $300 each to a friend and several cousins, and $200 each to a group of six cousins including the two appellants. He then gave the rest, residue and remainder of his property "in trust" to his two unmarried sisters or their survivor, subject to terms and conditions. They were to have the income from the property and any portion of the principal that was necessary for their care.

The portion of the trust which disposes of the remainder after the death of the sisters is the focal point of this appeal. It reads as follows:

> Upon the death of the survivor of my sisters, Florence Rothrock and Edith Rothrock, or if neither survives me, the balance, if any, of my property shall first be paid $10,000.00 to the Congregational United Church of Christ at Blairsburg, Iowa. If after the payment of said $10,000.00 any funds remain, such balance shall be paid to the First Congregational Church, United Church of Christ at Webster City, Iowa, to be used, however, solely for building a new church.

Mr. Rothrock died on January 20, 1981, and the trust was opened on April 5, 1982. Edith Rothrock, the surviving beneficiary, died on January 15, 1988. The balance of the corpus of the trust is now valued at approximately $210,000. The trustee filed a final report on February 8, 1988, asking that the trust be closed, the trustee discharged and its bond exonerated.

On March 8, 1988, the First Congregational Church, United Church of Christ at Webster City, Iowa, (church) filed a petition to construe the trust provisions of the will, asking the court, pursuant to Iowa Rule of Civil Procedure 262, to resolve certain alleged ambiguities. The church asked that the trust provisions be construed as follows:

> a. That the provision stating, "to be used however, solely for building a new Church," shall be construed to mean that the undersigned Petitioner can receive the funds from the Trust and use those said funds for not only the construction of a new and separate Church facility, but to be able to use said funds for the remodeling, the improvement and/or the expansion and extension of the existing Church facilities, including the Parsonage, and for the acquisition of any real estate required for the construction or improvement of said Church facilities.

The church also requested that the trust corpus be held by the governing body of the church as a building and improvement fund without an accounting except to church members. It further requested that all income derived from the funds be used for whatever purposes the governing body designated.

Pursuant to Iowa Code section 633.303 (1987), the Attorney General reviewed the petition to construe and asked that the court grant the relief requested. The cousins filed a resistance to the petition claiming that there were no obvious ambiguities in Mr. Rothrock's will and that the "church intends to use the funds for purposes other than building a new church." They urged that the will be "declared impossible to fulfill" and requested the residue be "distributed to the heirs."

An evidentiary hearing was held. The church called decedent's attorney, the church pastor, and several members of the church board of trustees as witnesses. The appellants appeared pro se and did not call any witnesses on their behalf. In granting the church's petition, the trial court concluded that decedent intended that the remainder of the trust go to the church, and that "[c]learly Albert Rothrock had given to his heirs all that he intended in the first paragraph of his will."

The court further concluded that the doctrine of cy pres would apply under these circumstances. The court felt that the remaining funds could be used either for the construction of a new and separate church facility or for the remodeling, the improvement, the expansion and extension of existing church facilities, including the parsonage, and for the acquisition of real estate. It also held that any and all of the income derived from the funds could be used for whatever purpose the governing body of the church would designate. The final re-

port of the trustee was approved and provided for the distribution of the funds to the church. The court of appeals affirmed the trial court but struck that portion of the court's decree allowing the remodeling of the parsonage.

The heirs raise several issues on appeal. They claim that the trial court erred by (1) construing an unambiguous will, (2) allowing extrinsic evidence to aid in that construction, and (3) applying the doctrine of cy pres.

■ There is a serious question as to whether or not the heirs have standing to enforce the condition of the trust. Language creating the trust did not provide a reversionary interest in the estate of the decedent nor in his heirs in the event there was a violation of the condition. Generally, the attorney general or a person who has a special interest in the enforcement of a charitable trust, rather than the settlor or his heirs, can maintain a suit to enforce the provisions. Restatement (Second) of Trusts § 391 (1959); *Francis v. Preachers' Aid Soc'y,* 149 Iowa 158, 166, 126 N.W. 1027, 1030 (1910); *see* Iowa Code § 633.303. We need not decide this issue as the question of standing has not been raised in either the district court or on appeal. *Richards v. Iowa Dep't of Revenue,* 414 N.W.2d 344, 349 (Iowa 1987).

■ We next address a matter that has caused some confusion. The heirs incorrectly claim that the will did not set up a trust. The second paragraph of Rothrock's will specifically gives the remainder of the property "in trust" to decedent's two sisters during their lifetime and provides upon their death for the trustee to pay the balance to the church. The two cousins who are contestants in this proceeding received their specific bequest. No one contested the will or the final report. The estate was closed and distribution was made. The trust has existed under court supervision since 1982.

■ The terms of the will created an express trust. *In re Estate of Young,* 273 N.W.2d 388, 393 (Iowa 1978). When the residue of the estate was distributed to the trustee in 1982, title to the property vested in the trustee. *See In re Estate of Small,* 244 Iowa 1209, 1225, 58 N.W.2d 477, 485 (1953). The trustee had authority to invade the trust during the lifetime of the sisters to provide for their care. This could have conceivably consumed the entire trust proceeds. Consequently, until the death of the surviving sisters, the trust was a private trust. Restatement (Second) of Trusts § 2 comment a (1959). At the death of the survivor of the sisters, the trustee was to pay the balance to the church. A gift in trust to support a church is for a charitable purpose. *Small,* 244 Iowa at 1222, 58 N.W.2d at 484. Thus, the property was held by the trustee for a charitable purpose and is a charitable trust. Restatement (Second) of Trusts § 348 (1959).

The trial court correctly recognized that "gifts to charitable uses and purposes are highly favored in law and will be most liberally construed to make effectual the intended purpose of the donor." *Small,* 244 Iowa at 1225–26, 58 N.W.2d at 485. We have stated:

> It is contrary to the public policy of this state to indulge in strained construction of the provisions of this will in order to seek out and discover a basis for avoiding the primary purpose of the testator to bestow ... a charitable trust.

*Id.* at 1226, 58 N.W.2d at 486 (quoting *In re Estate of Nugen,* 223 Iowa 428, 438, 272 N.W. 638, 644 (1937)).

■ We believe that the resolution of all the issues raised by the heirs is dependent on the applicability of the doctrine of cy pres. The doctrine is stated as follows:

> If property is given in trust to be applied to a particular charitable purpose, and it is or becomes impossible or impracticable or illegal to carry out the particular purpose, and if the settlor manifested a more general intention to devote the property to charitable purposes, the trust will not fail but the court will direct the application of the property to some charitable purpose which falls within the general charitable intention of the settlor.

Restatement (Second) of Trusts § 399 (1959). We have adopted the doctrine and

stated that it is a liberal rule of construction used to carry out, not defeat, the testator's intent. *Simmons v. Parsons College*, 256 N.W.2d 225, 227 (Iowa 1977). We stated in *Simmons:*

> Cy pres is a doctrine which literally means "as near as may be." It is applicable only to charitable trusts and then only when the trust established by a testator fails, no alternative disposition of the property has been made, and the general trust purposes may be accomplished by permitting it to be administered in a way different from, but closely related to, the testator's plan.

*Id.* (citations omitted).

We conclude that the trial court properly applied the doctrine in this case. In arriving at this conclusion we assume, without deciding, that the terms of Rothrock's will required the construction of a new church building. The will gave the property in trust for a particular charitable purpose, the building of a new church. The evidence clearly indicated that it was impractical to carry out this particular purpose.

Furthermore, the testator did not provide that the trust should terminate if the purpose failed. A trust is not forfeited when it becomes impossible to carry out its specific purpose, and there is no forfeiture or reversion clause. *Lupton v. Leander Clark College*, 194 Iowa 1008, 1017–19, 187 N.W. 496, 500–01 (1922); *see also Barnard v. Adams*, 58 F. 313, 317–18 (C.C.Iowa 1893) (when college recipient of vested trust fund stopped functioning, property did not go to heirs). Even if the conditions of the trust are not met, the heirs in this instance have no claim to the trust funds.

Finally, we examine the trial court's disposition. We believe that the alternate disposition of the property made by the court, including the decision to allow remodeling of the parsonage, falls within the testator's general charitable intention. We conclude that the court framed a scheme which is well suited to accomplish the charitable purpose evinced by Rothrock.

In summary, we hold that the ruling of the trial court should be affirmed.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.