# IN THE COURT OF APPEALS OF IOWA

No. 19-1738
Filed June 15, 2022


**ARCHDALE FUNDING, LLC,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL KIM,**
        Defendant-Appellant,

_____


Appeal from the Iowa District Court for Pottawattamie County, Richard H.

Davidson, Judge.


Michael Kim appeals the district court's order granting summary judgment

in favor of Archdale Funding, LLC. **AFFIRMED AND REMANDED.**


Michael Kim, Venice, Florida, self-represented appellant.

Alexander M. Johnson and Jennifer E. Lindberg of Brown, Winick, Graves,

Gross and Baskerville, PLC, Des Moines, for appellee.


Considered by May, P.J., Chicchelly, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**DANILSON, Senior Judge.**

Michael Kim appeals the district court's order granting summary judgment in favor of Archdale Funding, LLC, foreclosing a commercial real estate mortgage against Kim and Green World Council Bluffs, LLC. Kim contends Archdale "lacked standing to bring a foreclosure action."[1] Although Kim did not raise this issue before the district court, Kim argues it may be raised initially before this court because it is "jurisdictional in nature."

> It is correct that issues of subject matter jurisdiction can be raised at any time. The cases, however, indicate that standing is not among these issues and must be raised from the outset in order to preserve error. . . . [W]hile argument on standing may have had merit if raised earlier, proponent waived objection by failure to raise it in a timely manner.

*Brentwood Subdivision Rd. Ass'n, Inc. v. Cooper*, 461 N.W.2d 340, 342 (Iowa Ct. App. 1990) (ellipsis and alteration in original) (quoting *Richards v. Iowa Dep't of Revenue*, 414 N.W.2d 344, 349 (Iowa 1987)); *accord In re Tr. of Rothrock*, 452 N.W.2d 403, 405 (Iowa 1990). Because Kim did not raise the issue of standing before the district court, we will not address it on appeal. *See Richards*, 414 N.W.2d at 349; *see also Rothrock*, 452 N.W.2d at 405. We accordingly affirm the entry of summary judgment. As to the appellee's request for appellate attorney fees, we conclude the appellee is entitled to an award of appellate attorney fees pursuant to the contract and Iowa Code section 625.22(1) (2019).[2] *See Bankers*

---

[1] As part of this claim, Kim also argues we should order the district court to "dismiss" this case "because Archdale engaged in affirmative deception before the trial court" and "lacked proof of the underlying debt." Upon our review, we find Kim's claim is not supported by the record.

[2] The promissory note provides in part that the obligor shall pay the amount of the loan with interest, taxes, and "any costs, expenses, and reasonable attorney's fees incurred in the collection of this Note or in protecting, maintaining, or enforcing its

*Tr. Co.*, 326 N.W.2d at 278; *Rabo AgServices, Inc. v. Dallas Collins Farm P'ship*, No. 07-1547, 2009 WL 139496, at *5 (Iowa Ct. App. Jan. 22, 2009).  We remand for the district court to determine the reasonable amount of the appellate attorney fees to be awarded.

**AFFIRMED AND REMANDED.**

---

security interest or any mortgage, deed of trust or other instrument securing this Note or upon any litigation or controversy affecting this Note or the security given therefor."  The Guaranty executed by Kim requires Kim to pay not only the principal, interest, and obligations imposed by the "Loan Documents" but specifically states, "This Guarantee also includes all costs of collection and attorney's fee and all other costs, which are required to be paid under the Loan Documents."  A provision in a contract requiring the payment of attorney fees is properly interpreted to include attorney fees on appeal.  *See Bankers Tr. Co. v. Woltz*, 326 N.W.2d 274, 278 (Iowa 1982).