PHILIP GRAFF and Others, as Trustees of the LYONS BAPTIST CHURCH, Plaintiffs; *v.* ORSON RAYMER and Others, Defendants.

Supreme Court, Wayne County, March 25, 1930.

*Remington, Remington & Keating,* for the plaintiffs.

*Glen & Williams,* for the Baptist Missionary Convention of New York State.

*Myron D. Short,* for the defendant Van Deusen, as executor, etc.

RODENBECK, J. The trust fund in question should be turned over to the defendant Baptist Missionary Convention of the State of New York. It was created by will of Esther J. Mead, of Phelps, N. Y., in which she provided that a certain portion of the residue of her estate should go to the Baptist church in the village of Lyons,

N. Y., the income to be used " for such purposes as seem best for the welfare of said church, but no special purpose." The will was probated and the fund turned over to the plaintiffs, as trustees of such church. The purpose of the testator was to further the interests of this particular church and the denomination of which it was a part, without specifying how the income from the fund should be used. The church, however, has ceased to function and has transferred its real estate to the Baptist Missionary Convention of the State of New York, and the trustees of the church now ask that they be directed to turn over the fund in their hands to such convention. The situation where a trust fund was unable to serve the purposes for which it was created was met at common law by the doctrine of *cy pres* under which the fund was applied to some purpose similar to that provided by the creator of the fund. This doctrine has been incorporated into a statute of this State, and, under this statute, the court is authorized to transfer such a fund " in such manner as in the judgment of the court will most effectually accomplish the general purpose " of the creator of the fund, in cases where there is an " indefiniteness or uncertainty " in the persons designated as the beneficiaries. (Pers. Prop. Law, § 12, subds. 1 and 2, as amd. by Laws of 1926, chap. 622, and Laws of 1909, chap. 144, respectively.)

In this case there is such an uncertainty as to warrant the intervention of the court. The will creating this trust contemplated that it should be a perpetual one for the benefit of the church mentioned, and its purposes, but failed to provide for any succession in case the beneficiary, for any reason, should fail to function or become extinct. The situation that has arisen may be taken care of where the " circumstances have so changed " since the time of the creation of the trust as to render it " impracticable or impossible," literally, to comply with the terms of the instrument. (Pers. Prop. Law, § 12, subd. 2, as amd. by Laws of 1909, chap. 144.) In such a case the court may render such judgment as will most effectually accomplish the general purposes of the instrument. The purposes of the instrument, as already stated, were to further the interests of the Lyons Baptist Church and the denomination to which it belonged. This can best be done by turning the fund over to the Baptist Missionary Convention of the State of New York, which is a corporation affiliated with the Baptist churches of the State of New York, authorized by law to take over the property of extinct Baptist churches, and to assist and aid weak and struggling Baptist churches throughout the State of New York. It has also been expressly authorized by statute to take over the property belonging to any Baptist church which is, or shall become,

extinct. (Laws of 1894, chap. 642.) This statute contemplates that the property of extinct Baptist churches or Baptist religious societies, organized under the laws of the State of New York, shall vest in and become the property of the Baptist Missionary Convention of the State of New York, and, under the facts in this case, it is the natural successor to the trust fund above referred to, and the trustees thereof should be directed to transfer said fund to the defendant Baptist Missionary Convention, the income thereof to be used for such purposes as are authorized by its certificate of incorporation. (Pers. Prop. Law, § 12, as amd.; Laws of 1894, chap. 642; *Williams* v. *Williams,* 8 N. Y. 524; *Holmes* v. *Meade,* 52 id. 332; *Bowman* v. *Domestic & Foreign Missionary Society,* 182 id. 494; *Trustees of Sailors' Snug Harbor* v. *Carmody,* 211 id. 286; *Matter of MacDowell,* 217 id. 454; *Sherman* v. *Richmond Hose Co.,* 230 id. 462; *Camp* v. *Presbyterian Society of Sacketts Harbor,* 105 Misc. 139; *Matter of Mills,* 121 id. 147.)

Judgment accordingly, with costs to the plaintiffs and the defendant Baptist Missionary Convention.