RAY F. SALTSMAN, as Administrator, etc., of PUNDERSON WEST, Deceased, Plaintiff, *v.* ANNA M. GREENE and Others, Defendants.

Supreme Court, Cortland County, April 11, 1930.

*Lusk, Buck, Ames & Coon,* for the plaintiff.

*Horace L. Bronson,* for Anna M. Greene and others.

*Remington, Remington & Keating,* for The Baptist Missionary Convention of the State of New York.

*L. R. Chase,* for the First Methodist Episcopal Church of Virgil, N. Y.

*L. R. Dowd,* as guardian *ad litem,* for infant defendants.

RHODES, J. This is an action for the construction of the will of one Punderson West, who died a resident of Virgil, Cortland county, N. Y., on August 13, 1899, leaving the will in question which was probated by the Surrogate's Court of said county September 14, 1899, the will being dated July 23, 1898. The construction sought involves paragraph " Third " of said will, which provides as follows: " *Third.* After all of the above requirements are fulfilled if there be any property remaining in the hands of my executor I give all of such property to him in trust to be kept invested in interest bearing securities and all income from such securities shall be expended under his supervision in repair ng and beautifying the building, sheds and grounds of the Baptist Church at the Village of Virgil, commonly known as the First Baptist Church of Virgil. But no part of said income shall be used to pay salary of any minister." The First Baptist Church of Virgil has ceased to function and its assets have been taken over by the defendant The Baptist Missionary Convention of the State of New York. The First Methodist Episcopal Church of Virgil is in existence and functioning. Each of said defendants, The Baptist Missionary Convention of the State of New York and the First Methodist Episcopal Church of Virgil, claims that it should be construed to be the beneficiary under said clause of said will by virtue of the *cy pres* doctrine embodied in section 12 of the Personal Property Law. Subdivision 2 of said section 12 (as amd. by Laws of 1909, chap. 144) provides in part as follows: " * * * whenever it shall appear to the court that circumstances have so changed since the execution of an instrument containing a gift, grant or bequest to religious, educational, charitable or benevolent uses as to render impracticable or impossible a literal compliance with the terms of such instrument, the court may, upon the application of the trustee or of the person or corporation having the custody of the property, and upon such notice as the court shall direct, make an order directing that such gift, grant, or bequest shall be administered or expended in such manner as in the judgment of the court will most effectually accomplish the general purpose of the instrument, without regard to and free from any specific restriction, limitation or direction contained therein." The defendant The Baptist Missionary Convention of the State of New York cites, among other cases, the case of *Graff* v. *Raymer* (136 Misc. 297). In that case the will gave a portion of the residue of the testator's estate to the Baptist church of the village of Lyons, N. Y., for such purposes as seemed best for the welfare of said church, but no special purpose. There, too, the church had ceased to function and its property had been taken over by the Baptist Missionary Convention. The court held that under the doctrine

of *cy pres*, as embodied in said section of the Personal Property Law above referred to, the property in question should be transferred to the Baptist Missionary Convention. I think there is a distinction between the case cited and the case at bar. There, the property was to be devoted to such purposes as seemed best for the welfare of said church, but no special purpose. Here, the income from the trust fund is to be expended in "repairing and beautifying the building, sheds and grounds of the Baptist Church at the Village of Virgil, commonly known as the First Baptist Church of Virgil. But no part of said income shall be used to pay salary of any minister." Apparently the purpose of said trust has now wholly failed. The will, by its terms, does not indicate any other general purpose to which the property is to be devoted and any construction providing for the turning over of the property, either to the defendants the First Methodist Episcopal Church or the Baptist Missionary Convention, would, in my opinion, require the court, in so far as said property is concerned, to make an entirely new will for the testator not founded upon any intent evidenced by him in his will, nor in accordance with any direction contained therein. Whether or not the testator intended the charitable trust to be continued, I do not think he has evidenced any such intent by the language of his will. Any direction on the part of the court as sought by the defendant societies would be without the aid of any testamentary intent pointing in that direction. Under the circumstances I do not think the court should attempt to make a new testamentary disposition for the decedent concerning such property. The defendant the Baptist Missionary Convention cites among others the cases of *Sherman* v. *Richmond Hose Co.* (230 N. Y. 463); *Camp* v. *Presbyterian Society of Sacketts Harbor* (105 Misc. 139); *Utica Trust Co.* v. *Thomson* (87 id. 31); *Jackson* v. *Phillips* (14 Allen, 539); *Matter of Mills* (121 Misc. 147); *Matter of Donchian* (120 id. 535). I do not think any case cited is controlling upon the facts here presented.

If I am correct, then the trust having wholly failed and the will making no disposition of the property, it should be held that as to such trust fund the testator died intestate and said property should pass to those entitled thereto in case of intestacy. I direct judgment accordingly with costs to the plaintiff, to defendant heirs at law and next of kin, and to L. R. Dowd, guardian *ad litem* for the infant defendants; the form of the judgment and the matter of allowances to be settled either by consent or on notice.