John F. Bennison, S.
This is an application to the court, pursuant to sectiop. 12 of" the Personal Property Law, for an order directing the proper use and investment of funds given to the petitioner under the last will and testament of Earl A. Nellis, deceased, j
The facts are aá follows: That, upon the death of the life beneficiary, the cofpus of the trust estate to be turned over to the petitioner (Board of Education, Canajoharie Central School District Number One) in toto for the purpose as set forth in paragraph seventh of said will, which reads in part as follows, viz.:
“ 1. For the purchase of lands and premises for an athletic field, or additional ¡lands and premises therefor, in case land and premises shall not have been provided for that purpose prior to the death of my said wife.
“2. To construct on said athletic field a grandstand or grandstands of steel and concrete or other permanent construction, together with such construction or structures as may be deemed necessary for dressing rooms, lockers, showers, drying room, field equipment and other facilities in connection with the operation, use and enjoyment of the said athletic field.
“3. To provide said athletic field with flood lights and adequate parking area, and to develop and improve the said athletic field to serve and meet the athletic needs of the said school.”
At the time of the decedent’s death (1954), corpus of the trust fund was approximately $400,000 and appreciated to a present amount in excess of $1,200,000.
The life beneficiary is now deceased, and the petitioner seeks from this court instruction on whether it is proper to proceed with a proposed plan which envisions the expenditure of at least $700,000 of the funds for extended facilities far beyond the scope of those mentioned by testator in his will. The petitioner has submitted a detailed plan to the court which proposes to construct and equip the physical education facilities substantially proposed by the testator, to include improvement of the athletic field by an appropriate grandstand, drainage and designing, the erection of a physical education building at the field to provide field house facilities, gymnasium, swimming pool, cafeteria and equipment, storage, and some minor changes in the present physical facilities operated by the petitioner, and, further, to use the remainder of the fund, both principal and interest, for maintenance purposes and increased facilities.
It is well to cite herein paragraph ninth of decedent’s will which expresses the general intent.
*123 “ ninth : The bequest to the said ‘ school ’ under the foregoing Paragraph ‘ seventh ’ of this, my Last Will and Testament, is intended as a memorial to my said wife, Mabel C. Nellis, and myself, firmly believing that adequate facilities for athletic activities and physical development are a necessary aid and means to the intellectual and moral growth of our school children.”
The court has been requested to give instructions on the following points:

Point 1. Jurisdiction of the court.

Subdivision 2 of section 12 of the Personal Property Law clearly gives jurisdiction in a proceeding of this nature to the Surrogate of the county where the will has been probated, and leaves to his judgment the manner in which such a bequest, will most effectually accomplish the general purposes intended by the donor without a regard to any restriction, limitation or direction contained in said will. And, further, the Surrogate, under subdivision 2-a of section 12 of the Personal Property Law, has the power to authorize and approve a plan for the investment of a portion of the bequest for the accumulation and expenditure of the income and principal therefrom, notwithstanding the absence of a direction therefor in the will creating such fund.

Point 2. The Gy Pres Doctrine and its Application.

“ Gy Pres ” is a rule of judicial construction and its purpose is to aid the court to ascertain and carry out, as nearly as may be, the donor’s intention. The principle of this doctrine is well.expressed in Matter of Scott (8 N Y 2d 419) wherein the court held that, in implementing the cy pres rule, the court must apply gift to charitable use as nearly as possible like that specifically mentioned in the will, guided by decedent’s intention as expressed in the will and interpreted in the light of all the surrounding circumstances.
The court finds that the cy pres doctrine as defined in section 12 of the Personal Property Law is applicable in the proceeding pending. It is the general rule that the courts will apply the cy pres doctrine if the donor’s specific directions are impractical or impossible to carry out, and will then turn to the general intent of the testator. (Matter of Meyers, 166 Misc. 712; Matter of Dettmer, 177 Misc. 349; Matter of Lane, 201 Misc. 1003.)
Certainly it is clear from all the facts submitted to this court that the decedent was deeply interested in athletic events on *124 a school level and in the physical development of school children in general, and it is reasonable to assume that he would desire that the petitioner would extend, if possible, the facilities as outlined in his bequest. Ten years have elapsed since decedent’s death, and in that time, his 'bequest has enhanced about three times in value. Accordingly, it is now possible for the petitioner to enlarge to a considerable degree the original plan of the decedent, and, with the additional funds to expend, the petitioner can now formulate plans to implement the hopes and aspirations of the decedent by not only carrying out his desires, but by vitalizing the same! by the employment of additional personnel, equipment, books, programming, coaching, medical advise and guidance, and other services which will perpetuate an effective and well-rounded physical fitness and athletic program.

Point 3. Parties to the Proceeding.

The bequest, as set forth in paragraph seventh of the will, is a gift to a school district for specific charitable purposes, and did not create a trust, but rather an absolute bequest. Accordingly, the heirs and next of kin of the decedent are not necessarily proper parties to this proceeding. (Matter of St. John’s Church, 263 N. Y. 638.) The only proper, necessary and interested parties to this proceeding are the petitioner and the Attorney-General of the State of New York. Subdivision 3 of section 12 of the Personal Property Law states that “ The attorney-general shall represent the beneficiaries in all such eases, and it shall be his duty to enforce such trusts by proper proceedings in the courts.” The beneficiaries in the instant case are the residents of the Canajoharie Central School District. Section 1701 of the Education Law states that a Board of Education is a body corporate, and that all property transferred to a Board of Education for the use of the schools in the district shall be held by it as a corporation. Section 1804 of the Education Law states that each central school district shall be managed by a Board of Education. Subject to court approval herein, the determination of use of the Nellis fund lies between the Board of Education as administrator of the fund, and the Attorney-General, representing the residents of the district, who are the beneficiaries of the fund. The plans and all specifications therein as submitted to this court and the expenditures therefor must also have the approval of the Commissioner of Education. (Education Law, §§ 408, 3702-3703.) The petitioner states that, in the event this court approves the plan as submitted, then such plan will be submitted to the Commissioner of Education for his approval.
*125 This court is of the opinion that the plan herein proposed and submitted by the petitioner does, in every respect, carry out the wishes of the testator for the benefit of the beneficiaries mentioned in the will, and takes into account the increase in the amount of moneys available, the present and future physical development needs of the children in the school district and the changing circumstances since the death of the testator. The plan is approved, and the relief which the petitioner seeks in the petition is granted.