■ In the Matter of the Estate of BARNER AKER, Deceased. TRUSTEES OF THE TROY ANNUAL CONFERENCE, Appellant; BANK OF RICHMONDVILLE, as Administrator C. T. A. and Successor Trustee of the Estate of BARNER AKER, Deceased, et al., Respondents.— GIBSON, P. J. Appeal from a decree of the

Surrogate's Court of Schoharie County which, among other things, construed the provisions of decedent's will which, after giving to decedent's widow and daughter successive life estates in his residuary estate, provided that "Upon the death of both my wife * * * and my daughter * * * I give and bequeath to the Methodist Episcopal Church of East Cobleskill, New York, the sum of Fifteen Thousand Dollars, said sum to be invested and kept invested by the Trustees or proper officers of said Church and the interest and income therefrom expended annually for running expenses of said Church." The church was a corporation and in existence and holding regular services at the date of testator's death in 1926, but regular services ceased sometime between 1939 and 1946; on April 10, 1948, the church was declared discontinued and abandoned, by resolution of its parent body, the Troy Annual Conference, which thereafter, by deed of July 14, 1951, sold and conveyed the church property. Thus, upon the termination of the second life estate on August 28, 1958 the legatee was no longer in existence and the gift failed. The appellant Conference contends, however, that the fund should nevertheless be paid to it upon application of the cy pres rule; but we are constrained to affirm the conclusion of the Surrogate's Court that the doctrine of cy pres cannot be invoked in this case because testator's charitable intent was restrictive and not directed to general charitable objectives. (*Matter of Scott*, 8 N Y 2d 419; *Matter of Syracuse Univ.* [*Heffron*], 3 N Y 2d 665; *Matter of Merritt*, 280 N. Y. 391.) The testator's limited and restricted intent seems apparent in the provision for a gift to the local church, to be managed by its local officers, and the income to be "expended annually for running expenses of said Church." Thus, the Surrogate properly found: "The intention of the testator * * * must have been to promote the conducting of religious services within the community, the furnishing of a place of worship, and the furnishing of spiritual guidance and instruction in the community. Since the Conference, no doubt for good and practical reasons has declared the Church extinct and has impliedly admitted that there is no intention or possibility of carrying out this specific purpose and it appears that there is no direction which could be made by the Court which would accomplish this purpose, the legacy cannot be made effective within the intent of the testator." Appellant relies, also, on the amendment to section 16 of the Religious Corporations Law by chapter 660 of the Laws of 1949, which would now cover this precise situation, but the amendment cannot be given retroactive application. Decree affirmed, with costs to parties filing briefs, payable from the estate. Reynolds, Taylor, Aulisi and Hamm, JJ., concur.