Millard L. Midonick, S.
The trustee petitions for a construction of article Third of the decedent’s will which was admitted to probate on December 29, 1964. Article Third created a trust which is to continue for a period of 10 years from the date of decedent’s death ¡and shall thereupon terminate. Article Third reads as follows: “ All the rest, residue and remainder of my estate, real and personal, of every kind and nature and wheresoever situate, of which I shall die seized or possessed, or to which I shall be entitled at the time of my death, I give, devise and bequeath to my Trustee hereinafter named * * * and, until the termination of this trust as hereinafter described, [the Trustee] shall add all net income to and accumulate the same as part of the principal of this trust * * * whereupon my Trustee shall transfer, assign and pay over the then remaining principal thereof, and all accumulations of income thereon, to the PRESIDENT AND FELLOWS OF HARVARD COLLEGE ’ ’.
It is clear from a reading of the will that decedent intended to create a charitable trust exempt from taxation under the Internal Revenue Act in effect when he died (Nov. 27, 1963). Prior to, and until the provisions of the Tax Reform Act of 1969 became effective there was never any need for this trust to seek or obtain a formal exemption from taxes. The unlimited deduction permitted under this existing law for funds permanently set aside for charitable purposes was availed by filing in each year fiduciary income tax returns (U. S. Code, tit. 26, § 664). Under present law a “ charitable trust ” is described as a trust which does not have a ruling of exemption under title 26 of the United States Code (§ 501, subd. [a]) and in which all unexpired interests are devoted for charitable purposes and for which a charitable deduction was allowed (U. S. Code, tit. 26, § 4947, subd. [a]). The Tax Reform Act of 1969 (as amended) generally subjects such a trust to taxation, treating and imposing the same requirements upon them as for private foundations. In pertinent part subdivision (c) of section 4947 reads as follows: “ (1) a private foundation shall not be exempt from taxation under § 501(a) unless its governing instrument includes provisions the effects of which are (a) to require income for each taxable year to be distributed at such time and in such manner as not to subject the foundation to tax under § 4942”. Section 4942 of the code requires annual minimum *464 distribution in order for the trust to maintain its tax exemption. It defines undistributed income as income not distributed by the trust before the first day of the .second or any succeeding taxable year in which income is collected. The unlimited deduction for amounts paid or permanently set aside for charitable purposes permitted pursuant to subdivision (c) of section 642 is expressly denied a private foundation which is not exempt from taxation under subdivision (a) of section 501 for the taxable year (U. S. Code, tit. 26, § 642, subd. [c], par. [6]).
In view of the foregoing it is clear that the trust in this estate will no longer be qualified for exemption from taxes and no longer have an unlimited charitable deduction for money set aside under subdivision (c) of section 642, unless the governing instrument is construed to comply with the Tax Reform Act and the regulations promulgated thereunder. Taxes will thereupon be imposed on this trust for the fiscal years beginning after. December 31, 1971. This will squarely contravene testator’s testamentary scheme for maximum growth of the fund during the 10 years of its administration. The Attorney-General joins with petitioner in requesting the court to construe the will and to direct that the trust be administered in such manner as not to be subject to tax on undistributed income.
EPTL 8-1.8 provides that the court may direct that the trust be administered in such manner as will most effectively accomplish its general purpose free from any specific limitation, restriction or direction contained therein. The statute permits the court to remove any mandatory direction contained in the governing instrument of a trust upon the ground that such mandatory direction is impractical. Mr. Justice Silverman has observed in a recent decision involving a similar situation:
“ There just is no way to accumulate income any more. If the trust attempts to do so the undistributed income will simply be taken away by the federal government by the 100 per cent tax on the undistributed income within the ‘ correction period ’ together with the other penalties mentioned. ” (Matter of Harmon [Chase Manhattan Bank], N. Y. L. J., June 4,1973, p. 17, cols. 4, 5.)
Examination of the provisions of article Third of this decedent’s will discloses a dominant intent to devote the gift to purposes broadly charitable. Decedent’s use of his entire residuary estate to create a charitable trust for educational and benevolent purposes supports no other conclusion. The mandatory direction to accumulate income contained in the language of article Third must be deemed subordinate to such purposes: *465 where the “ paramount purpose is to give property for a general charitable purpose and to graft thereon a direction concerning desires or intentions of testatrix as to manner of carrying general gift into effect, the engrafted direction may be ignored when compliance is altogether impractical.” (Matter of Neher, 219 N. Y. 370.)
In view of the provisions of section 4942 and other related sections of the Internal Revenue Code and regulations, the court determines that decedent’s subordinate direction to accumulate income has become impractical. Accordingly, in order to best carry out the planned intentions of testator such mandatory direction must be disregarded. (Matter of Barkey, 65 Misc 2d 738; Matter of Roche, 69 Misc 2d 481; EPTL 8-1.1, subd. [c]; EPTL 8-1.8, subd. [b].)
The trustee is directed to administer the trust and shall distribute the income received by it after the effective date of the Tax Reform Act and thereafter at such time and in such manner as not to subject the trust to a penalty tax or any other taxes on undistributed income. The petitioner shall comply with any other provisions of the Internal Revenue Code and the regulations promulgated thereunder necessary to qualify the trust for tax exemption. All income so required to be distributed, shall be paid over to the beneficiary of the principal of the charitable trust, to wit, the president and fellows of Harvard College.