In the Matter of the Estate of RALPH B. POST, Deceased. HSBC BANK USA, as Successor in Interest to the MARINE MID-LAND BANK, N.A., as Trustee of a Trust under the Will of RALPH B. POST, Deceased, Appellant. [769 NYS2d 332]—

Lahtinen, J. Appeal from an order of the Surrogate's Court of Saratoga County (Seibert, Jr., S.), entered August 26, 2002, which, in a proceeding pursuant to EPTL article 8, denied petitioner's application for cy pres relief.

Petitioner is the successor trustee of a charitable trust created by the will of decedent, a physician and resident of Saratoga County who died in November 1968. The relevant provision of the will directed the trustee, upon the death of decedent's widow, to use the income of the trust: "for the use and benefit of young ladies whose residence is in the Town of Milton, Saratoga County, New York, or the Town of Ballston, Saratoga County, New York, or the Village of Ballston Spa, Saratoga County, New York, said income to be used and expended for aid and support in educating and training these young ladies to become registered nurses." The trust was funded in 1968 with assets of about $1,096,000 and decedent's wife died in 1984, at which time the trust began operating in accordance with the charitable bequest.

The value of the trust increased significantly and, by 1990, the trustee was unable to distribute annually 5% of its fair market value (hereinafter referred to as the minimum distribution) because there was a limited pool of potential applicants who met the requirements of the trust. This failure presented a significant problem to the trustee because, under Internal Revenue Code (26 USC) § 4942, any retained minimum distribution

for one year is subject to a 15% tax and, if undistributed after two years, faces a 100% penalty. Moreover, EPTL 8-1.8 (a) (1) directs that this type of charitable trust "shall distribute such amounts for each taxable year at such time and in such manner as not to subject the trust to tax on undistributed income under [26 USC § 4942]." Hence, petitioner's predecessor, Marine Midland Bank, N.A., petitioned Surrogate's Court in 1991 to grant relief under the cy pres doctrine expanding the eligible scholarship pool to include women pursuing careers as nurse practitioners, certified nurse midwives, physician's assistants, licensed practical nurses and women seeking advanced degrees or certification at accredited nursing schools. The relief was granted.

Despite the expansion of the eligible scholarship pool, by 2001 the original principal of $1,096,000 had grown to nearly $3,663,000, and the trustee was again unable to award the entire minimum distribution to eligible candidates. Thus, in 2001, petitioner commenced this proceeding seeking further expansion of the parameters of the trust under the cy pres doctrine. Petitioner requested that the trust be expanded to include scholarships for individuals studying to be medical imaging technicians, nurse anesthesiologists, laboratory technicians, cytologists, occupational therapists, physical therapists and respiratory therapists. Alternative second tier criteria were also proposed, which would be used only to the extent necessary to avoid running afoul of 26 USC § 4942 after making an effort to award the entire minimum distribution to women in the Town of Milton, Town of Ballston Spa and Village of Ballston Spa who were pursuing study in the approved fields. Under one alternative, the undistributed amount would go equally to a hospital and a nursing home in Saratoga County for nursing education programs and, under the other alternative, eligibility for the award would be expanded to include residents of all of Saratoga County, without regard to gender.

The Attorney General appeared pursuant to EPTL 8-1.1 (f) and supported the request for relief under the cy pres doctrine. The Attorney General indicated a "slight" preference for the second tier proposal that resulted in an expansion of the geographical and gender restrictions. It was uncontested that failure to substantially grant the relief requested would result in a tax penalty in excess of $34,500. Surrogate's Court nevertheless extended eligibility to only one additional category, i.e., women studying to be nurse anesthesiologists. Petitioner and the Attorney General appeal.

Where the "circumstances have so changed since the execu-

tion" of a charitable trust so as to "render impracticable or impossible a literal compliance with the terms," a court may exercise its cy pres power to direct that "such disposition be administered and applied in such manner as in the judgment of the court will most effectively accomplish its general purposes" (EPTL 8-1.1 [c] [1]; *see Matter of Wilson*, 59 NY2d 461, 472 [1983]; *Matter of Scott*, 8 NY2d 419, 427 [1960]). Cy pres cannot be invoked "without first determining that the testator's specific charitable purpose is no longer capable of being performed by the trust" (*Matter of Wilson, supra* at 472) and that the testator had a general charitable intent (*see Matter of Syracuse Univ. [Heffron]*, 3 NY2d 665, 670-671 [1958]). Among the situations in which cy pres has been applied are ones where a trust corpus was significantly greater than needed to accomplish the intended goal (*see Matter of Nellis Athletic Fund of Canajoharie Cent. School Dist. No. One*, 42 Misc 2d 121 [1964]; Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 8-1.1, at 74) and to avoid the 26 USC § 4942 tax (*see Matter of Presley*, 76 Misc 2d 462 [1973]).

Here, a representative of the trustee testified that the trust cannot meet the minimum distribution in some years under the current conditions and, thus, faces a considerable tax penalty. An expert in the area of nursing explained the substantial changes in that profession since the 1960s, as health care has become more specialized. According to the uncontested testimony, the areas to which petitioner sought to expand eligibility are outgrowths, resulting from specialization, of duties that registered nurses performed in the past. We note that decedent's will also included a gift to a local hospital, reflecting his general intent to aid local health care. Moreover, it is significant that the failure to provide the requested relief will result in the trustee violating EPTL 8-1.8 (a) (1). Under the circumstances of this case, cy pres relief should have been afforded to the extent necessary to avoid taxation under 26 USC § 4942 and to permit the trustee to comply with EPTL 8-1.8 (a) (1).

We find the evidence sufficient to expand the eligible careers to be considered in the first tier to include, as requested by petitioner, medical imaging technicians, nurse anesthesiologists, laboratory technicians, cytologists, occupational therapists, physical therapists and respiratory therapists. The tiered approach suggested by petitioner ensures that decedent's specific intent is first fulfilled, with resort to conditions consistent with his general intent used only when necessary to comply with EPTL 8-1.8 (a) (1). We agree with the Attorney General that the second tier option of expanding the geographic area to

include all of Saratoga County and removing the gender require-ment* for potential applicants is closer than the other option to the general intent of decedent. This second tier option, which is available only after exhaustion of the first tier, ensures that the trust can comply with EPTL 8-1.8 (a) (1).

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as partially denied petitioner's application for cy pres relief; said application granted in its entirety; and, as so modified, affirmed.

---

* Unlike *Matter of Wilson* (87 AD2d 98 [1982], *affd* 59 NY2d 461 [1983]), in the current situation there is a scarcity of eligible candidates. Thus, removing the gender restriction will reduce an obstacle to fulfilling decedent's general intent and, significantly, help ensure that the trust is not subject to taxes and penalties.