Lahtinen, J.
Appeal from an order of the Surrogate’s Court of Schenectady County (Versad, S.), entered October 19, 2012, which, among other things, denied a motion by respondents St. Clare’s Hospital of Schenectady, N.Y. Foundation, Inc. and St. Clare’s Corporation for summary judgment.
Petitioners, fiduciaries of a trust and wills involving three decedents, commenced these proceedings to obtain an order regarding distribution of gifts made by decedents to respondent St. Clare’s Hospital of Schenectady, N.Y. Foundation, Inc. (hereinafter the Foundation).* The Foundation was established in 1981 and served as a fundraising entity exclusively for St. Clare’s Hospital of Schenectady, N.Y. In mid-June 2008 and after the execution of the relevant testamentary instruments, St. Clare’s Hospital ceased functioning as a hospital. Its healthcare operations were taken over by respondent Ellis Hospital, which became the sole remaining hospital in Schenectady County. Since such time, the Foundation has not engaged in any charitable activities, fundraising or giving of grants, and St. Clare’s Hospital revised its certificate of incorporation to reflect a new name — St. Clare’s Corporation — and a new purpose — to promote health and well-being in a manner consistent with the Roman Catholic Church.
Petitioners sought a determination from Surrogate’s Court as to whether the cy pres doctrine should be invoked and the distributions made to respondent Ellis Hospital Foundation, Inc. St. Clare’s Corporation and the Foundation (hereinafter collectively referred to as St. Clare’s) opposed the petitions and moved for summary judgment asserting that there was no basis to apply cy pres, and that the Foundation — an entity still in existence — remained the appropriate distributee. Ellis Hospital and Ellis Hospital Foundation, Inc. (hereinafter collectively referred to as Ellis), supported by respondent Attorney General, cross-moved for summary judgment arguing that cy pres relief was appropriate and that the charitable dispositions should be made to Ellis. Surrogate’s Court exercised its cy pres power and directed that the gifts be given to Ellis. St. Clare’s appeals.
The relevant gifts were all undisputedly charitable in nature and, for cy pres relief, it was further necessary that the instruments establishing the gifts revealed a general charitable intent and that circumstances had changed rendering impracticable or impossible strict compliance with the terms of the gift instruments (see Matter of Wilson, 59 NY2d 461, 472 [1983]; Matter of Syracuse Univ. [Heffron], 3 NY2d 665, 670-671 [1958]; Matter of *1101 Post, 2 AD3d 1091, 1092-1093 [2003]). In a case similar to the one at bar, we held that cy pres was appropriately applied to transfer a bequest — that was originally made to Child’s Hospital — to Albany Medical Center, where Child’s Hospital had been taken over by Albany Medical Center and had changed its name as well as amended its corporate purpose from operating a hospital to funding faith-based health services (see Matter of Hummel, 30 AD3d 802, 804 [2006], lv denied 7 NY3d 713 [2006]). Here, the gift instruments, in which the donors also made various other charitable dispositions, revealed a general charitable intent. With regard to the gifts in question, the intent was to benefit a hospital. At the time the pertinent gift instruments were executed, St. Clare’s Hospital operated as a hospital and gifts to the Foundation went exclusively to St. Clare’s Hospital. The stipulated facts reveal that the Foundation has stopped providing any charitable grants. Its previous sole beneficiary, St. Clare’s Hospital, ceased operating as a hospital, modified its corporate name and changed its corporate function to promoting health and well-being. Ellis Hospital assumed all responsibility for the hospital and related healthcare services previously provided by St. Clare’s Hospital. Under the circumstances, we are unpersuaded that Surrogate’s Court erred in using its cy pres power to reform the gifts (see Matter of Hummel, 30 AD3d at 804; see also Matter of Kraetzer, 119 Misc 2d 436, 437-438 [1983]; Matter of Walter, 150 Misc 512, 513 [1933]). The remaining arguments are unavailing.
Peters, PJ., Rose and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

 Since common issues were implicated, the three matters were considered together by stipulation and the parties also stipulated to many pertinent facts.