**BRENTWOOD SUBDIVISION ROAD ASSOCIATION, INC., Appellant,**

v.

**J. Daryl COOPER, Opal R. Cooper, Glen R. Jones, Carolyn K. Jones, Howard Grimm and Delores Grimm, Appellees.**

*No. 89–536.*

Court of Appeals of Iowa.

Aug. 30, 1990.

Noran L. Davis of Davis and Davis, Council Bluffs, for appellant.

Troyce A. Wheeler and David E. Richter, Council Bluffs, for appellees.

Considered by OXBERGER, C.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

The streets in the Brentwood Subdivision are private roads which have been dedicated to the public use. However, they have never been accepted by any governmental entity. Therefore, all of the homeowners in the subdivision are responsible for the upkeep of these roads. In 1983 most of the lot owners in the Brentwood Subdivision entered into an agreement whereby the appellant, Brentwood Subdivision Road Association, Inc., was established. The purpose of the corporation is to maintain the roads of the subdivision and assess the lot owners the costs of the maintenance. The assessments are allowed to go as high as $100 but in most years it has been $60 per household.

The assessments collected have been used for expenses of snow removal, a street light at the entrance, minor repairs, cave in repairs, liability insurance of the corporation, and corporate expenses and legal fees. There is also a fund for major improvements, at the time of trial the corporation had approximately $5,000 in the bank.

The appellees are lot owners in the subdivision who have refused to sign the agreement or pay the yearly assessments. It is undisputed the appellees use the streets in the Brentwood Subdivision for ingress and egress from their respective homes.

The corporation filed the present action on July 10, 1987, by filing a petition in equity to require the appellees to contribute to the maintenance of their streets. Following a bench trial, the court found appellees had been unjustly enriched, however it dismissed the petition due to lack of sufficient evidence to determine the amount of damages. The corporation appeals. We reverse and remand with direction.

The corporation contends the appellees should be required to contribute under general equity principles. Additionally, the corporation claims a constructive or quasi contract exists between the parties because appellees are being unjustly enriched at the expense of the other lot owners. Lastly, the corporation asserts there was sufficient evidence before the court to determine the extent to which the appellees have been unjustly enriched.

Our review is de novo. Iowa R.App.P. 4.

■ Appellee's contend the corporation lacks standing to bring suit. We address this preliminary issue first.

The appellees contend the corporation lacks the capacity and standing to sue. Although this issue was not raised below, the appellees argue it may be raised initially in this court because it is a part of subject matter jurisdiction.

It is correct that issues of subject matter jurisdiction can be raised at any time. The cases, however, indicate that standing is not among these issues and must be raised from the outset in order to preserve error.... [W]hile argument on standing may have had merit if raised earlier, proponent waived objection by failure to raise it in a timely manner.

*Richards v. Iowa Dep't of Revenue*, 414 N.W.2d 344, 349 (Iowa 1987) (citations omitted); *see also In re Trust of Rothrock*, 452 N.W.2d 403, 405 (Iowa 1990). Because appellees did not raise this issue originally in the district court, we do not address it.

■ We address the question of whether appellees should be required to contribute to maintenance and upkeep of the Brentwood roads.

■ It is a well settled principle in Iowa law when property owners commonly use private roads as ways of necessity, all of those owners should be required to contribute equally to the maintenance of those roads. *Kepler v. Border*, 179 Iowa 318, 324, 161 N.W. 302, 304 (1917).

This has been established since 1917 when the Iowa Supreme Court stated, "It seems to us entirely consistent with general equity that reasonable contribution to the expense of necessary maintenance of this road should be made by all property owners who use it as a way of necessity to their property." *Id.*

We find the present case to be indistinguishable from *Kepler v. Border*. The only difference between the two is in *Kepler v. Border* a single individual brought the action against the homeowners, while in the present case a corporation consisting of other Brentwood homeowners is bringing the action. Otherwise the facts are the same for both cases. Both involve a dispute over the cost allocation of the maintenance and upkeep of private roads used as ways of necessity by multiple homeowners.

Because the two cases are analogous, we shall follow the decision in *Kepler v. Border*. We hold appellees are required to contribute financially to the corporation for maintenance and upkeep of the roads. The contribution shall include past maintenance expenses, to begin at the time the corporation was formed, and an equitable portion of any future expenses that are related to the maintenance and upkeep of the roads.

■ The trial court found there was insufficient evidence to determine the amount of contributions to be paid by the appellees. We do not agree.

Though the corporation did not provide a detailed accounting for all of its expenses since its inception, it did provide evidence indicating the amount of money collected from homeowners, the different projects the money was spent on, and amount of money that is left in the corporation's savings. Also, the corporation's sole purpose is the maintenance, upkeep, and repair of the roads in the subdivision. This indicates all of its expenses are related to this purpose.

From this evidence the trial court could have reasonably determined an equitable contribution that should be paid by the appellees for the years since the corporation was formed and a method to equitably calculate future contributions.

We remand this case to the district court to determine the amount of appellees' contributions consistent with this decision. If necessary, additional evidence may be presented by the parties. This court does not retain jurisdiction.

The parties shall pay their own attorney fees. Costs of appeal are assessed to appellees.

REVERSED AND REMANDED WITH DIRECTION.