**OKOBOJI CAMP OWNERS COOPERATIVE,**
Appellee,

v.

**Nancy James CARLSON and Robert Siddens, Appellants.**

No. 96–385.

Supreme Court of Iowa.

May 28, 1998.

Rehearing Denied July 13, 1998.

Robert Siddens of Siddens Law Office, Des Moines, for appellants.

Donald J. Hemphill of Hemphill Law Offfice, Spencer, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

The defendants in the district court, Nancy James Carlson and Robert Siddens, who are lot owners in a subdivision platted by the predecessors in interest of the plaintiff, Okoboji Camp Owners Cooperative, appeal from judgments entered against them for benefits conferred upon their property by the cooperative. After reviewing the record and considering the arguments of the parties, we affirm the judgment of the district court.

The plaintiff is an organization formed by property owners within a subdivision known as Methodist Campground. The cooperative was formed to acquire all streets, alleys, and common areas within the subdivision and to assume responsibility and control of various functions, including the sanitary sewer system and water system, which were provided by its predecessor associations. The cooperative maintains the park area, playground equipment, fishing and boating docks, swimming beach, and the tennis, volleyball, and basketball courts. Membership in the cooperative is limited to owners of property in the Methodist subdivision and three lots in a nearby Brownell's Beach plat. The membership fee is $1000. Annual fees in 1994 and 1995 were $300 and $400 for members, and $600 and $800 for nonmembers.

Defendant Nancy James Carlson is the owner of two lots in the subdivision. Defendant Robert Siddens is the owner of one lot. Neither Carlson nor Siddens are members of the cooperative. They have been billed for various fees by the cooperative since 1993. These charges have not been paid, and the cooperative commenced the present action seeking a declaratory judgment to establish its right and authority to charge the fees, as well as personal judgments for the unpaid fees under quasi-contract theories.

At trial the defendants testified that they did not use or derive benefit from the amenities provided by the cooperative other than water, sewer, and waste disposal services.

The court determined that both defendants derived substantial benefits from the cooperative, and to allow them to do so without payment would be unjust and inequitable. The court also concluded it was proper for the cooperative to charge the defendants higher fees for services than members of the cooperative have to pay because the cooperative uses its membership fees as a capital base for many of the services provided. The court concluded that, based on the evidence presented, the amount of the charges imposed on Carlson and Siddens was reasonable. It adjudged Siddens liable to pay $1700 ($300 for 1993, $600 for 1994, and $800 for 1995). It adjudged Carlson liable to pay $2096.88 ($300 for 1993, $600 for 1994, and $800 for 1995, and $396.88 for unpaid water and sewer charges).

The defendants appealed and also filed a motion to certify the appeal. The cooperative filed a resistance and motion to dismiss because the amount in controversy did not meet the jurisdictional amount of $5000. We ordered the motion to certify the appeal and the motion to dismiss to be submitted with the appeal. Because the determination of the issues in the district court may have preclusive effect concerning defendants' liabilities in future years, we elect to hear and decide these issues on the merits.

Defendants are willing to pay for the costs of water and sewer utilities and garbage disposal, but believe further costs are prohibited because (1) there are no servitudes or covenants that run with their property, (2) the roadways are not "ways of necessity" for the defendants, (3) most of the services are unnecessary and part of a political agenda, and (4) plaintiff failed to provide evidence of the actual amounts spent for the various services. Defendants urge that this action was in equity and that our review should therefore be de novo. Our examination of the record convinces us that the case was docketed as a law action and was tried

by ordinary procedure. Consequently, our review is not de novo but is for errors at law. *See Brammer v. Allied Mut. Ins. Co.*, 182 N.W.2d 169, 172 (Iowa 1970).

■ There is no express agreement between the parties requiring payment of fees for services performed by the cooperative. Consequently, the cooperative must recover, if at all, under principles of quasi-contract. The law of quasi-contract involves duties founded on considerations of justice and equity. *Hunter v. Union State Bank*, 505 N.W.2d 172, 177 (Iowa 1993); *Bruggeman v. Independent Sch. Dist.*, 227 Iowa 661, 666, 289 N.W. 5, 8 (1939). If a person or organization acts to confer benefits on another in a setting in which the actor is not acting officiously, the benefited party may be required to make restitution to the actor. Restatement of Restitution §§ 1, 2 (1937). For purposes of applying this legal principle, the Restatement defines benefit as follows:

> A person confers a benefit upon another if he gives to the other possession of or some other interest in money, land, chattels, or choses in action, performs services beneficial to or at the request of the other, satisfies a debt or a duty of the other, or in any way adds to the other's security or advantage. He confers a benefit not only where he adds to the property of another, but also where he saves the other from expense or loss. The word "benefit," therefore, denotes any form of advantage.

*Id.* § 1, at 12. Officiousness is defined by the Restatement as

> interference in the affairs of others not justified by the circumstances under which the interference takes place.

*Id.* § 2, at 15.

An Iowa case somewhat analogous to the present controversy is *Brentwood Subdivision Road Ass'n v. Cooper*, 461 N.W.2d 340 (Iowa App.1990). There, the court held that a property owner in a subdivision, who received the benefit of roads to his residence, which were maintained by the plaintiff road association, was unjustly enriched in failing to pay his share of fees connected with the maintenance, repair, and upkeep of the roads.

■ We believe the evidence supports the district court's finding that the cooperative has conferred substantial benefits on each of the defendant property owners. Moreover, we are satisfied that this occurred in a context in which the cooperative's actions were not officious. Because defendants are not members of the cooperative, they are not bound to accept the value ascribed to these benefits by the cooperative's board of directors. To obtain restitution, the cooperative must offer proof of the reasonable value of the benefits conferred.

■ The cooperative attempted to provide such proof through testimony concerning its annual budget. While somewhat inexact, we believe that this evidence was sufficient to support the district court's finding that the amount sought to be recovered from defendants was reasonable. In so concluding, we do not discount the testimony by defendants that they do not avail themselves of the recreational facilities that the cooperative offers. Moreover, it appears that Carlson is not required to and does not use the internal private roads of the subdivision in going to or from her property. This is also true of Siddens, except he does use a narrow nonplatted lane to the lake to which the cooperative claims ownership. Although Siddens claims prescriptive rights to this lane, the district court found that it was owned by the cooperative. We are convinced that, irrespective of the use that defendants make of the cooperative's facilities, the availability of these facilities benefits both defendants by conferring added value to their properties.

■ Defendants are the victims of a practical reality. When persons are beholden to a cooperative service provider for major quality-of-life services such as water, sewer, and solid waste removal, and that provider offers other services, the users may not be in a position to pick and choose as to the services they will accept. As long as billing for all services as a package is not unreasonable, it should not be rejected.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**